**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RICARDO MILLER,**                                                                                **PETITIONER**

**V.**                               **NO. 1:00CR139-D**

**UNITED STATES OF AMERICA,**                                    **RESPONDENT**

**MEMORANDUM OPINION DENYING
PETITION PURSUANT TO 28 U.S.C. § 2255**

        This cause of action is before the court on the motion of the petitioner for post conviction relief pursuant to 28 U.S.C. § 2255. Petitioner was named in seven counts of a 24 count multi-defendant indictment in October 2000. On May 10, 2001, petitioner entered a plea of guilty to count three (distributing 1.05 grams of cocaine base) and count seven (aiding and abetting 1.55 grams of cocaine base). During the plea colloquy government counsel stated that "Mr. Miller understands there is no agreement as to the sentence to be imposed, which will be in the sole discretion of this court subject to the Federal Sentencing Guidelines." The defendant agreed that the terms of the plea agreement had been accurately stated.

        The Presentence Investigation Report (PSR) was completed on June 13, 2001. It discussed the amounts of crack cocaine defendant was charged with in the counts to which he pled guilty, and the remaining amounts for which he was indicted in counts one, four, five, 20, and 21. The probation officer concluded that under relevant conduct petitioner was responsible for at least 111.76 grams of cocaine base and 3269.6 grams of marijuana, and assessed a base offense level of 32. That level was adjusted to 31 after offense characteristics and acceptance of responsibility were taken into consideration.

Petitioner filed two objections to the PSR. First, he objected to the base level of 32. He argued that Section 1B1.3 of the United States Sentencing Guidelines provided that he be held accountable only for the amounts he actually sold. He contended that in order to be held accountable under the "jointly undertaken criminal activity," the court would have to determine that he was involved in a "criminal plan, scheme, endeavor, or enterprise ... in concert with others and the extent of his involvement." He did not argue that the plea agreement had a limitation on relevant conduct. The second objection was to the two point increase in the base offense level for possession of a weapon.

During the sentencing hearing on August 21, 2001, the court overruled the first objection and sustained the second. The court then assessed the total offense level as 27 and sentenced petitioner to imprisonment for a term of 72 months on each of the two counts to which he pled guilty, to be served concurrently. Petitioner did not file an appeal of the case to the United States Court of Appeals for the Fifth Circuit.

Petitioner's *pro se* § 2255 motion contends that his defense counsel was ineffective for failing to file an appeal on the basis that the sentence was imposed in violation of the plea agreement. He further alleges that his Fifth and Sixth Amendment rights were violated, but does not specify how they were violated, other than by his counsel failing to file an appeal based on the above grounds.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Amos v. Scott*, 61 F.3d 333, 347-48 (5th Cir.), *cert. denied,* 116 U.S. 557 (1995). The *Strickland* test applies to retained counsel, as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984). In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective

assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687,688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds, Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh,* 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown.[1] *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland* at 694. Additionally, "a court need not address both prongs [of an ineffective assistance of counsel claim] . . . but may dispose of such claim based solely on a petitioner's failure to meet either prong of the test." *Amos*, 61 F.3d at 348. Furthermore, "[a] habeas petitioner must make specific allegations; 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible' will not entitle one to discovery or a hearing." *Perillo v. Johnson*, 79 F.3d 441 (5th Cir. 1996), *citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also Hill v. Lockhart*, 474 U.S. 52 (1985)(upholding the dismissal of a habeas petition for the failure to allege specific circumstances that would support the conclusion that failure of counsel to advise of parole eligibility affected the decision to plead guilty).

---

[1] However, there are circumstances where prejudice can be presumed. See *United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770,773(5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [*Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable professional judgement. *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

The record in this case clearly shows that the plea agreement between the petitioner and the prosecution contained no clause limiting relevant conduct. Consequently, his attorney could not be ineffective for failing to file an appeal based upon a nonexistent provision to a plea agreement. There was nothing to appeal, and petitioner was in no way prejudiced by failure to file such an appeal.

Petitioner at most has made conclusory allegations of ineffective assistance of counsel; as such, they "do not raise a constitutional issue in a federal habeas proceeding. . . . In the absence of a specific showing of how alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner's] right to a fair trial," the claims are without merit. *See Miller v. Johnson*,

4

200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).  It is patently clear that petitioner has failed to satisfy either prong of the *Strickland* test.

Having carefully considered petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the court finds that petitioner has stated no grounds warranting relief.  A final judgment in accordance with this opinion will be entered.

THIS the 12th day of April, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE